IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**,<br><br>v.<br><br>MICHAEL RODRIGUEZ-MALDONADO,<br><br>**Defendant**. | **CRIMINAL NO. 22-178 (RAM)** |

### MEMORANDUM AND ORDER

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is defendant Michael Rodríguez-Maldonado's ("Defendant") *Motion to Suppress and Request for Evidentiary Hearing* (the "*Motion*"). (Docket No. 25). In the *Motion*, Defendant seeks to suppress evidence obtained when the Puerto Rico Police Bureau ("PRPB") searched his residence. Defendant contends the affidavit used to obtain the search warrant from a Puerto Rico Superior Court judge contained knowingly false statements. He submitted a four-sentence sworn declaration in support of the *Motion*. (Docket No. 28-1). Defendant thus seeks a Franks[1] hearing before the Court to address the allegedly fraudulent affidavit.

The United States of America (the "Government") filed an opposition to the *Motion*. (Docket No. 32). The Government asserts, *inter alia*, that Defendant failed to make the necessary substantial

---

[1] *See* Franks v. Delaware, 438 U.S. 154 (1978).

showing that the affidavit contained false statements, as he did not specify precisely which statements he thinks are untrue. Defendant thereafter filed a reply. (Docket No. 34). After reviewing the briefs and the applicable case law, the Court **DENIES** the *Motion*.

The First Circuit has "made abundantly clear that, because an application supporting a warrant is presumptively valid, it is incumbent on the defendant to show that he is entitled to a Franks hearing." United States v. Centeno-Gonzalez, 989 F.3d 36, 50 (1st Cir. 2021) (internal quotation marks and citation omitted). To be entitled to a Franks hearing, "a defendant must make a **substantial** preliminary showing that a false statement **knowingly and intentionally, or with reckless disregard for the truth**, was included by the affiant in the warrant affidavit." Id. (emphasis added). Then, "for the defendant to be entitled to relief, **the allegedly false statement must be necessary to the finding of probable cause**." Id. (emphasis added). In the Franks opinion, the Supreme Court explained that "allegations of deliberate falsehood or of reckless disregard for the truth . . . **must be accompanied by an offer of proof**." Franks, 438 U.S. at 171 (emphasis added). "Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained." Id.

With this legal backdrop in mind, it is clear Defendant's

*Motion* and supporting declaration are insufficient to justify a Franks hearing. In the warrant affidavit, the PRPB relied on observations made and photographs taken by Agent Vázquez of Defendant's residence over a three-day period. (Docket No. 32 at 2) (explaining that Agent Vázquez conducted surveillance on April 13, 14, and 15 2022). Defendant's *Motion* rests on the conclusory and faulty assumption that, because Agent Vázquez failed to take photographs of every important fact mentioned in the affidavit, the events not captured in pictures must not have occurred. (Docket No. 34 at 10) ("Now, why is it that Agent Vazquez, equipped with at least a Camera, was not able then to Photograph the facts needed to conclude Probable Cause contained i[n] his affidavit, **easy because they did not occur**.") (emphasis in original). To support that theory, Defendant offers only his own sworn declaration, which states in a similarly conclusory fashion that "the Alleged Surveillance did not occur" and "it is physically impossible to observe the allege[d] observations." (Docket No. 28-1). Such conclusory allegations are plainly inadequate to cast doubt on the PRPB's detailed affidavit, which this Court must presume is valid. *See* Centeno-Gonzalez, 989 F.3d at 50. Courts in this District have made clear that, "to mandate a Franks hearing, a defendant must offer allegations that are more than conclusory[.]" United States v. Rosario-Mirando, 537 F. Supp. 2d 299, 303 (D.P.R. 2008) (citing Franks, 438 U.S. at 171).

For the foregoing reasons, Defendant's *Motion to Suppress and Request for Evidentiary Hearing* at Docket No. 25 is **DENIED.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of October 2022.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge